IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO,<br><br>            Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY SHERIFF, et al.,<br><br>            Defendants. | No.  2:25-CV-1310-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF Nos. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, who is currently an inmate at the Rio Consumnes Correctional Center, asserts claims against the following Defendants: (1) Mora – Sacramento Sheriff's Deputy, and (2) Defendant Mora's sergeant, lieutenant, and supporting officers, all unnamed.[1] See ECF No. 1, pg. 2.

Plaintiff alleges an Eighth Amendment violation due to excessive force by Defendant Mora. Plaintiff asserts that on January 31, 2025, at or around 9:30 p.m., during "pill call" at "KBF" 200 pod, Defendant Mora thought she was being mocked by an inmate while she was giving "bunk orders." See id. at 3. As a response, Defendant Mora ordered the phones and the television to be turned off. See id. When asked why Defendant Mora turned off the phones and television, Plaintiff asserts that Defendant Mora stated, "because some bitch wants to mock me [] in a pod full of bitches [.] I hope they treat you like a bitch." Id. Plaintiff alleges this type of "group punishment" caused an uproar in the housing pod which resulted in more correctional officers entering the pod. See id. at 5.

///

---

[1] While the Court's docket lists Sacramento County Sheriff as a separately named defendant, Sacramento County Sheriff is not named in the complaint.

1  Plaintiff claims that when Defendant Mora was talking to another inmate, the
2  inmate told her that when the "bitch word fly's around in here (and) someone gets punch in the
3  face." See id. Defendant Mora responded by stating, "so what you want to hit me[?]." Id. Plaintiff
4  asserts that this inmate did not insinuate that he was going to hit Defendant Mora in the face and
5  walked away with his back turned towards Defendant. See id. Plaintiff alleges that Defendant
6  Mora then grabbed the inmate because the inmate was being "aggressive." Id. Additionally,
7  Plaintiff asserts that Defendant Mora turned off the "programs" with the intention of causing the
8  "pod bull[ies]" to attack the inmate who mocked her. Id. Plaintiff alleges he sustained mental
9  anguish and mental stress as a result of Defendant Mora's conduct. See id.

## II. DISCUSSION

12  The Court finds that Plaintiff's claims against Defendant Mora's sergeant,
13  lieutenant, and supporting officers fails to allege facts to establish a causal connection between
14  those unnamed individuals and a violation of Plaintiff's rights. Plaintiff's excessive force claim
15  against Defendant Mora is also not cognizable as currently pled because Plaintiff only alleges
16  facts describing Defendant Mora's conduct towards another inmate.  Thus, as with the unnamed
17  defendants, Plaintiff's excessive force claim against Defendant Mora fails to allege facts to
18  connect Defendant's conduct to a violation of Plaintiff's rights (as opposed to the rights of
19  someone else who is not a plaintiff to the action).   Finally, while Plaintiff has plausibly sated a
20  First Amendment claim against Defendant Mora based on denial of telephone access, Plaintiff's
21  claim based on turning off the television does not give rise to a conditions-of-confinement claim
22  actionable under § 1983. Plaintiff will be given the opportunity to amend the complaint.

### A.    Causal Connection

24  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
25  connection or link between the actions of the named defendants and the alleged deprivations.  See
26  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
27  person 'subjects' another to the deprivation of a constitutional right, within the meaning of
28  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

3

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff alleges that Defendant Mora's sergeant, lieutenant, and supporting officers violated his rights. However, Plaintiff does not name the specific officers involved, nor does Plaintiff allege specific facts as to how these officers deprived Plaintiff of a constitutional or statutory right. Similarly, Plaintiff's allegations of excessive force against Defendant Mora fail because, as currently pleaded, Plaintiff alleges Defendant's conduct towards another inmate, not Plaintiff. Thus, Plaintiff has failed to allege facts showing a connection between Defendant Mora's conduct and a violation of Plaintiff's rights. Plaintiff will be given an opportunity to amend to explain how Defendant Mora's alleged conduct adversely affected Plaintiff or otherwise violated his rights.

### B. Conditions of Confinement

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

As to the turning off the television, conditions of confinement may, consistent with the Constitution, be restrictive and harsh.  See Rhodes, 452 U.S. at 347; Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). The Court has previously held that inmates do not have constitutionally protected interest in access to televisions. See Rodriquez v. Spaulding, U.S. App. LEXIS 28293 (9th Cir. 1992); see also Bontty v. Walker, U.S. Dist. LEXIS 58773 (E.D. Cal 2012). Thus, Plaintiff has not provided sufficient facts to give rise to a violation of Plaintiff's rights under the Eighth Amendment related to the conditions of his confinement. Plaintiff will be given an opportunity to amend his complaint.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

1  Because the complaint appears to otherwise state cognizable claim under the First
2  Amendment based on denial of telephone access, if no amended complaint is filed within the time
3  allowed therefor, the Court will issue findings and recommendations that the claims identified
4  herein as defective be dismissed, as well as such further orders as are necessary for service of
5  process as to the cognizable First Amendment claim.
6  Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended
7  complaint within 30 days of the date of service of this order.

9  Dated: July 25, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE