**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM SOTO, | No.  2:25-CV-1310-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint.

The Court previously addressed the sufficiency of Plaintiff's complaint and found that Plaintiff states a cognizable claim against Defendant Mora based on denial of telephone access but that the complaint otherwise failed to present cognizable claims.  See ECF No. 8. Plaintiff was provided an opportunity to amend as to those claims identified by the Court as defective and advised that, if no amended complaint was filed within the time provided, the action would proceed on Plaintiff's cognizable claim and that all other claims and defendants would be dismissed.  See id.  To date, the time for filing a first amended complaint has passed and Plaintiff has elected not to amend.  Therefore, the Court will now recommend dismissal of those claims previously identified as defective.

1

In the previous order, the Court concluded that Plaintiff failed to state a claim against unnamed jail personnel because the complaint lacked allegations to establish a causal connection between any specific individual and a constitutional violation. See id. The Court stated:

> Here, Plaintiff alleges that Defendant Mora's sergeant, lieutenant, and supporting officers violated his rights. However, Plaintiff does not name the specific officers involved, nor does Plaintiff allege specific facts as to how these officers deprived Plaintiff of a constitutional or statutory right. Similarly, Plaintiff's allegations of excessive force against Defendant Mora fail because, as currently pleaded, Plaintiff alleges Defendant's conduct towards another inmate, not Plaintiff. Thus, Plaintiff has failed to allege facts showing a connection between Defendant Mora's conduct and a violation of Plaintiff's rights. Plaintiff will be given an opportunity to amend to explain how Defendant Mora's alleged conduct adversely affected Plaintiff or otherwise violated his rights.

ECF No. 8, pg. 4.

The Court also found that Plaintiff's claims of excessive force against Defendant Mora are inadequate because Plaintiff describes Mora's alleged conduct towards another inmate, not Plaintiff. See id.

Finally, the Court determined that Plaintiff failed to state an Eighth Amendment conditions-of-confinement claim based on lack of access to a television. See id. at 5.

Plaintiff was provided an opportunity to amend and has not done so within the time permitted. The Court will, therefor, recommend that this action proceed on Plaintiff's claim against Defendant Mora based on denial of telephone access and that all other claims and defendants be dismissed. By separate order, the Court will direct Plaintiff to submit documents necessary or service of process on Defendant Mora.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Based on the foregoing, the undersigned orders and recommends as follows:

1.      It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2.      It is RECOMMENDED that this action proceed on Plaintiff's original complaint, ECF No. 1, as to his claim against Defendant Mora based on denial of telephone access.

3.      It is RECOMMENDED that all other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 30, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3